HEFNER, STARK & MAROIS, LLP
Howard S. Nevins (CA Bar Assn No. 119366)
Aaron A. Avery (CA Bar Assn No. 245448)
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833-4136
Telephone: (916) 925-6620
Fax No: (916) 925-1127
Email: aavery@hsmlaw.com

Attorneys for
GEOFFREY RICHARDS,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA
(Sacramento Division)

| | |
|---|---|
| In re<br><br>CHRISTOPHER E. DOLCE AND KAREN M. DOLCE,<br><br>　　　　Debtors. | Case No.: 10-25961-B-7<br><br>DC No.:　HSM-002<br><br>NO HEARING SET |

## APPLICATION TO EMPLOY ASSET RECOVERY SPECIALIST FOR CHAPTER 7 TRUSTEE

　　GEOFFREY RICHARDS, the duly appointed Chapter 7 Trustee ("Trustee") in the pending bankruptcy case of CHRISTOPHER E. DOLCE AND KAREN M. DOLCE ("Debtors"), Case Number 10-25961-B-7, files this application ("Application") for authorization to employ Matthew Middione as Asset Recovery Specialist ("Middione" or "Asset Recovery Specialist") for the Trustee as follows:

　　1.　This case was filed as a voluntary Chapter 7 case on March 10, 2010.

　　2.　Lewis D. Partridge was appointed Chapter 7 Trustee on March 11, 2010, and served in that capacity until this case was closed on July 7, 2010.

　　3.　This case was ordered reopened on March 27, 2017. The Trustee was appointed as Chapter 7 Trustee on March 27, 2017, and continues to serve in that capacity.

1

\\hsmfs2\clients\Richards, Geoffrey\Dolce, Christopher & Karen (7687-0039)\pldg employ asset recovery spec (HSM-2)\pldg employ asset recovery spec app.docx

4. The case was reopened pursuant to the United States Trustee's motion, which was filed after Middione contacted the United States Trustee concerning certain unclaimed funds in which the estate may have an interest. Specifically, Middione's public records research indicates that the estate may have an interest in excess proceeds, totaling approximately $65,000.00 ("Funds"), in connection with a tax foreclosure sale of real property located at 724 Pine St., Marysville, CA 95901 ("Property").

5. The Trustee has determined that he needs to employ an Asset Recovery Specialist in this case.

6. Based upon his interview with Middione, the scope of representation that may be provided by the Middione as Asset Recovery Specialist, and Middione's experience as asset locator, the Trustee wishes to retain Middione as his court appointed Asset Recovery Specialist in this case.

7. Middione's mailing address is 19149 Eccles Street, Northridge, California 91324.

## Terms of Employment

8. Middione's compensation shall be a commission equal to 25% of the gross Funds actually recovered by the Estate, which are property of the estate, inclusive of all costs. Middione is to be paid his commission after the Trustee receives the Funds in the ordinary course of administration of a bankruptcy case and subject to bankruptcy court approval. Middione shall retain no portion of the Funds. Middione shall not be entitled to any compensation unless and until such compensation is allowed and authorized to be paid by the bankruptcy court on noticed motion following the Trustee's receipt of the Funds recovered. The Trustee does not represent that the bankruptcy court will allow Middione's compensation.

9. Middione's services shall be limited to identification of Funds held by a County or State Court that are assets of the bankruptcy estate, researching public records concerning the Funds and the Trustee's ability to administer them, and, after locating the Funds, assisting the Trustee in making sure proper procedures are followed for a

Hefner, Stark & Marois, LLP
Sacramento, CA

successful recovery for the estate. Substantive work to recover the estate's interest in the Funds shall be completed by the Trustee and his counsel.

10. The Trustee asserts that Middione's commission of 25% of any amount of the Funds collected is reasonable. Absent Middione's discovery of the Funds, the Trustee would have no knowledge of the Funds.

11. The Trustee and Middione have engaged in discussions leading to the execution of an Asset Recovery Agreement (the "Agreement") attached as Exhibit "A" to the Exhibits Cover Sheet filed in support of this Application.

12. Approval of compensation by the bankruptcy court is required before payment may be made to Middione. Such approval will be sought on noticed motion at the appropriate time in this case, in the usual manner. Middione acknowledges these requirements in the Agreement.

13. After having reviewed the mailing matrix in this case and having conducted a check for conflicts of interest, Middione has determined that, as set forth in the Declaration of Matthew Middione ("Middione Declaration") filed and served herewith, and incorporated herein by this reference, Middione does not have a connection with the Debtors, creditors of the Debtors' bankruptcy estate, or any other party in interest or their respective attorneys or accountants or the U.S. Trustee's Office or any personnel employed by the U.S. Trustee's Office, except as disclosed in the Middione Declaration, that he is a disinterested person within the meaning of section 101(14) of the United States Bankruptcy Code, and represents or holds no interest adverse to the interest of the estate with respect to matters on which he is to be employed.

14. The Trustee is not aware of any conflict, or other association, relationship or connection between Middione, and the Trustee, the Debtors, any creditors of the Debtors, any other parties in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, other than as set forth herein and in the Middione Declaration.

15. The Trustee believes the employment of Middione is appropriate on the

\\hsmfs2\clients\Richards, Geoffrey\Dolce, Christopher & Karen (7687-0039)\pldg employ asset recovery spec (HSM-2)\pldg employ asset recovery spec app.docx

terms and conditions set forth herein and in the Agreement.

**WHEREFORE**, the Chapter 7 Trustee respectfully requests that the court enter an order authorizing the employment of Matthew Middione as Asset Recovery Specialist for the Trustee in this case on the terms and conditions set forth in this Application, on a commission basis, as provided for in the Fee Agreement, and pursuant to 11 U.S.C. § 328.

Dated: April 26, 2017

HEFNER, STARK & MAROIS, LLP

By /s/ Aaron A. Avery
Aaron A. Avery, Attorneys for
GEOFFREY RICHARDS,
Chapter 7 Trustee